Ronald Wilcox, Esq., State Bar No. 176601
1900 The Alameda, Suite 530
San Jose, CA 95126
Tel: (408) 296-0400
Fax: (408) 296-0486
Email: ronaldwilcox@gmail.com

Andre L. Verdun (SBN 265436)
Attorney at Law
**CROWLEY LAW GROUP**
401 West "A" Street, Ste. 925
San Diego, CA 92101
Tel. (619) 238-5700
Fax. (866) 786-6993
AndreVerdun@CrowleyLawGroup.com

Attorneys for Plaintiff
DAVID BEACH

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **DAVID BEACH,** an individual, <br><br> Plaintiff, <br><br> vs. <br><br> **CITIBANK, N.A.** and **DOES 1 through 10**, inclusive, <br><br> Defendant. | Case #: **'14CV2284 JAH  JMA** <br><br> **COMPLAINT FOR DAMAGES** <br><br> **DEMAND FOR JURY TRIAL** |

-1-

**COMPLAINT FOR DAMAGES**

*Beach v. Citibank*

# INTRODUCTION

1. CITIBANK N.A. ("CITIBANK") made more than one-hundred (100) calls Plaintiff's telephones, including his cellular, phone in an attempt to collect a debt, and also called multiple times per day. Citibank engaged in a continuing pattern of collection harassment. Citibank's calls began in 2013, and carried into 2014, with most of the more than one-hundred (100) calls occurring from September to December 2013 Citibank's calls continued despite Plaintiff's demands that the calls cease and that he refused to pay the debt. On numerous occasions Citibank would hang up without even leaving a message. Citibank used an "Automated Telephone Dialing System", and pre-recorded messages, to call Plaintiff's cell phone, without his consent.

2. Citibank engages in a pattern and practice of the unlawful conduct described above. Certain nations (like Indonesia) have banned Citibank from collecting debts entirely.[1] See:

- *Masuda v. Citibank,* 2014 U.S. Dist. LEXIS 59513 (N.D. Cal. 2014)(alleging 300 calls, including calls nearly everyday from April to November 2013, including many days with multiple calls (up to six per day);
- *Trejo v. Citibank, N.A*, Case# 13-03623, Docket #1 (N.D. Cal. 2013)(alleging Citibank made thirty-four (34) calls in two months, after consumer's request to stop calling, and Citibank used an auto-dialer or pre-recorded message);
- *Haas v. Citibank* 13-01578 (N.D. Cal. 2013)(hundreds of calls to Plaintiff's cell phone after Plaintiff requested they cease, calling

---

[1] http://www.sanjosebankruptcyfdcpalawyer.com/?page=2

-2-

**COMPLAINT FOR DAMAGES**

*Beach v. Citibank*

estranged family members, and hiring a third party debt collector to continue calling, despite Plaintiff's requests to cease);

- *Leung v. Citibank*, 03-3138 (N.D. Cal. 2014)(more than one-hundred calls (100) in about a thirty (30) day (from July 11, 2013 to August 2013, including, numerous telephone calls on the same day. Defendant would abruptly hang up on Plaintiff at times, and used automated telephone dialing systems, and pre-recorded messages in violation of the TCPA);
- *Pruden v. CitiMortgage, Inc.*, 2014 U.S. Dist. LEXIS 71046 (D. NH 2014)(repeatedly hanging up without meaningfully identifying onself. "Here, the court has no difficulty determining that a reasonable fact finder could infer an intent to harass from Pruden's deposition testimony that she received at least 30 hang up calls from CMI over the course of a month. When a debt collector calls a debtor and says something about the debt, that is evidence that the intent behind the call is to collect the debt. But no such presumption of a permissible intent attaches to a hang up call.");
- *Cayanan v. Citi Holdings*, 12-cv-1476 MMAJMA (S.D. Cal. June 15, 2012)(TCPA class action alleging 110 calls to Plaintiff's cell phone);
- *Baker v. Citibank, N.A.* 12-cv-05038 (C.D. Cal. 2012)(class action for unlawful TCPA calls to consumers throughout California);

3. On December 29, 2008, the Federal Communications Commission ("FCC") issued a citation to Citibank for abusive collection practices, including admonishing Citibank that "[i]f, after receipt of this citation, you or your company violate the Communications Act or the Commission's rules in any manner described herein, the Commission may impose monetary forfeitures not to exceed $11,000 for each such violation or each day of a continuing violation occurring before September 2, 2008, and $16,000 for

each such violation or each day of a continuing violation occurring on or after September 2, 2008."

4. CITIBANK's unlawful conduct caused Plaintiff severe emotional distress, including physical and emotional harm, including but not limited to: anxiety, depression, sleeping problems, frustration, loss of appetite, frustration, humiliation, and the like.

5. Congress has stated (15 U.S.C. 1692(a)):

" There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to **invasions of individual privacy**."

## PARTIES

6. Plaintiff, DAVID BEACH ("plaintiff", "plaintiffs", or "BEACH") is, and at all times herein mentioned was, a natural person who resides in the City of San Diego, County of San Diego, and State of California. He is a "person" as defined by and protected under California Civil Code 1788.2(g).

7. CITIBANK N.A. ("Defendant" or "CITIBANK") is, and at all times herein mentioned was, on information and belief, a corporation which lawfully conducts business in the State of California. Defendant is a debt collector as defined by California Civil Code 1788.2(c).

8. The true names and capacities, whether individual, corporate, associate, or otherwise, of defendants DOES 1-10 inclusive, are unknown to plaintiff who, therefore, sues said defendants by such fictitious names. Plaintiff will amend this complaint to show their true names and capacities when ascertained. Plaintiff is informed and believes, and thereon alleges, that each of said defendants is responsible in some manner for the events and happenings, and proximately caused the injuries and damages,

**COMPLAINT FOR DAMAGES**

*Beach v. Citibank*

hereinafter alleged.

## JURISDICTION AND VENUE

9. Jurisdiction of this Court arises under 15 U.S.C. §1692k(d) and 28 U.S.C. § 1337. Supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367.

10. Since Defendants conduct business within the State of California, personal jurisdiction is established in this Court.

11. Venue is proper pursuant to 28 U.S.C. 1391.

## FACTUAL ALLEGATIONS

12. Plaintiff opened a consumer credit account with CITIBANK. The credit card was used, and intended to be used for primarily for personal, family and household purposes.

13. CITIBANK N.A. ("CITIBANK") made hundreds of telephone calls to Plaintiff's cellular phone in an attempt to collect a debt; including calling multiple times per day, as described above. Citibank's calls continued despite Plaintiff's demands that the calls cease and that he refused to pay the debt. On numerous occasions Citibank would hang up without even leaving a message. Citibank used an "Automated Telephone Dialing System" and pre-recorded messages to call Plaintiff's cell phone, without his consent.

14. When Defendant called Plaintiff, it used an automated dialer to telephone Plaintiff. When picked up, or when a message was left, Plaintiff was played a recording with an artificial, pre-recorded, voice, telling Plaintiff to return Defendant's call during a specified time period.

15. Upon information and belief CITIBANK made recordings of its calls to Plaintiff.

/ / /

16. Citibank's calls were repeated and continuous, and were with such frequency as to be unreasonable and constitute harassment under the circumstances.

17. CITIBANK engaged in conduct, the natural consequence was to harass and oppress.

18. CITIBANK used false, deceptive or misleading representations or means in connection with the collection of a debt, at times, hanging up, failing to disclose who was calling and the purpose of the call, and taking action they could not legally take.

19. CITIBANK engaged in unfair and unconscionable practices in an attempt to collect a debt, including using an automated dialing system, and pre-recorded messages, to place telephone calls to Plaintiff's cellular phone, without Plaintiff's consent.

20. The calls with an artificial voice were placed to Plaintiff's home phone, his cell phone and his work phone after Plaintiff demanded that calls to Plaintiff cease.

## **FIRST CAUSE OF ACTION**
*(California Civil Code 1788)*

21. Plaintiff reaffirms and realleges paragraphs above herein as if specifically set forth more fully herein below.

22. Defendant is included in the class of entities whose debt collection activities are regulated under California Civil Code section 1788 et seq, as defined by California Civil Code § 1788.2(c).

23. Plaintiff is a "person" as defined by California Civil Code § 1788.2(g).

24. Plaintiff is a "debtor" as defined by California Civil Code § 1788.2(h).

**COMPLAINT FOR DAMAGES**

*Beach v. Citibank*

25. This case involves money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer transaction. As such, this action arises out of a "consumer debt" as those terms are defined by California Civil Code § 1788.2(f).

26. Defendants acts and omissions violated California Civil Code § *1788 et seq*, the Rosenthal Fair Debt Collection Practices Act, including, but not limited to the below activity:

    a. Defendants violated 1788.11(d) by calling Plaintiff repeatedly and continuously.

    b. Defendants violated 1788.11(e) by communicating by telephone with Plaintiff in such frequency as to be unreasonable and to constitute harassment to the Plaintiff under the circumstances.

    c. Defendants violated 1788.11(a) by placing telephone calls without disclosure of the caller's identity.

    d. Defendants violated § 1788.17 by engaging in impermissible communications with third parties; engaging in conduct the natural consequence which is to abuse or harass (including causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number); using false, deceptive or unfair means in an attempt to collect a debt, taking action one cannot legally take; failing to properly disclose an identify oneself; using unfair or unconscionable practices in an attempt to collect a debt).

27. Plaintiff is entitled to statutory damages, actual damages and attorney fees and cost of suit.

28. Plaintiff suffered actual damages and emotional distress as describe above.

## SECOND CAUSE OF ACTION

*(Invasion of Privacy – Intrusion on Seclusion)*

29. Plaintiff repeats, re-alleges, and incorporates by reference all of the paragraphs above as though fully stated herein.

30. Defendants' outrageous, abusive, and undignified acts as described herein constituted intrusion upon Plaintiff's seclusion.

31. Defendants intruded upon the solitude or seclusion, private affairs or concerns of Plaintiff.

32. The intrusion was substantial, and of a kind that would be highly offensive to an ordinary reasonable person.

33. The intrusion caused Plaintiff to sustain injury, damage, loss or harm in the form of emotional distress mentioned above.

34. As a direct and proximate result of Defendants' unlawful conduct, Plaintiff suffered damages in an amount to be determined by proof and a finder of fact at trial.

35. Defendants acted with oppression, fraud, and/or malice, thereby entitling Plaintiff to punitive damages in an amount according to proof and a finder of fact at trial.

## THIRD CAUSE OF ACTION

*(Negligence)*

36. Plaintiff incorporates by reference the above paragraphs as though fully stated herein below.

37. Defendants' outrageous, abusive and intrusive acts as described herein constituted negligence.

38. Defendants negligently inflicted emotional distress.

39. Defendants breached a duty imposed and failed to exercise ordinary care.

40. Defendants owed Plaintiff a duty to refrain from unlawful debt collections (California Civil Code §1788 et seq.) and unlawful telephone conduct (Penal Code §653m) and the Telephone Consumer Protection Act.

41. The breach of such duty proximately caused injury to Plaintiff.

42. The injury resulted from an occurrence the nature of which these statutes were designed to protect Plaintiff from.

43. Plaintiff is a member of the class of persons the statutes were designed to protect.

44. Defendants' conduct, as described herein, was wrongful conduct in that the Defendants conducted their business in an abusive, oppressive, and harassing manner.

45. Defendants negligently trained, supervised, and retained, its employees and agents.

46. Defendants' wrongful conduct as described herein actually and proximately caused the Plaintiff severe and serious emotional distress in that the Defendants wrongful conduct has caused harm as described above.

47. It is clearly foreseeable that Defendants' actions as described herein could cause harm, including severe and serious emotional distress

48. As a direct and proximate result of Defendants' unlawful conduct, Plaintiff has suffered damages in an amount to be determined at trial. Defendants' wrongful conduct as described herein actually and proximately caused the Plaintiff's harm as noted above.

49. Defendants acted with oppression, and/or malice, thereby entitling Plaintiff to punitive damages in an amount to be determined at trial.

Defendant acted in a despicable manner and acted with a conscious disregard to the rights of Plaintiff.

50. On information and belief, Defendant's officers, directors or managing agents authorized or ratified the wrongful acts herein.

51. On information and belief, Defendant's officers, director's or managing agents are personally guilty of oppression, fraud or malice.

## FOURTH CAUSE OF ACTION

*(Telephone Consumer Protection Act)*

52. Plaintiff repeats, re-alleges and incorporates by reference all other paragraphs.

53. At all times relevant to this complaint, the Plaintiff was and is a "person" as defined by the TCPA 47 U.S.C. § 153(32).

54. At all times relevant to this complaint, the Defendant has owned, operated, and or controlled "customer premises equipment" as defined by the TCPA 47 U.S.C. § 153(14) that originated, routed, and/or terminated telecommunications.

55. The Defendant at all times relevant to the complaint herein engages in "telecommunications" defined by the TCPA U.S.C § 153(43).

56. The Defendant at all times relevant to the complaint herein engages in "interstate" communications" by the TCPA U.S.C. § 153(22).

57. At all times relevant to this complaint, the Cross-Defendant has used, controlled, and/or operated "wire communications" as defined by the TCPA 47 U.S.C. § 153(52), that existed as instrumentalities of interstate and intrastate commerce.

58. At all times relevant to this complaint, the Cross-Defendant has used, controlled, and/or operated "automatic telephone dialing systems" as defined by the TCPA 47 U.S.C. § 227(a)(1) and 47 C.F.R. § 64.1200 (f) (1).

59. Defendants violated the Telephone Consumer Protection Act ("TCPA") 47 U.S.C. § 227(b)(1)(A), by using an automatic telephone dialing system to telephone a cellular phone, without Plaintiff's consent.

60. Defendants' violations were willful and knowing.

61. As a result of these violations of the TCPA, Defendants are liable to Plaintiff for statutory damages, including treble damages.

62. Defendants engaged in willful and knowing violations of the Telephone Consumer Protection Act ("TCPA") 47 U.S.C. § 227(b)(1)(A).

63. Defendants used an automated dialing system and pre-recorded messages to telephone Plaintiff's cellular telephone, without his consent.

64. Defendants' acts were willful, intentional and knowing.

65. Defendants acted with oppression, fraud, and/or malice, thereby entitling Plaintiff to punitive damages in an amount according to proof and a finder of fact at trial.

66. Plaintiff is entitled to recover actual and punitive damages.

### FIFTH CAUSE OF ACTION

*(Negligent Training and Supervision)*

67. Plaintiff incorporates by reference the above paragraphs as though fully stated herein below.

68. Defendant negligently trained and supervised their employees and agents as to the performance of their job duties and as a result of such negligent instruction and supervision, the employees/agents while carrying out their job duties caused injury and damage to Plaintiff.

69. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered damages in an amount to be determined at trial.

70.     Defendant acted with oppression, and/or malice, thereby entitling Plaintiff to punitive damages in an amount to be determined at trial. Defendant acted in a despicable manner and acted with a conscious disregard to the rights of Plaintiff.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for judgment against Defendants as follows:

   i. Statutory, actual and punitive damages.
   ii. Statutory damages pursuant to Cal. Civil Code § 1788.30(b) and Civil Code 1788.17.
   iii. Actual damages according to proof pursuant to Cal. Civil Code § 1788 and 1788.17, as well as common law;
   iv. An award of statutory damages of $500 dollars per incident for negligent violation of the TCPA and $1,500 per incident for willful violation of the TCPA;
   v. Attorneys' fees and costs
   vi. Injunctive relief.
   vii. Such other and further relief that may be just and proper.

Dated: **September 26, 2014**

                                                /s/ Andre L. Verdun
                                                Andre Verdun,
                                                Ronald Wilcox
                                                Attorneys for Plaintiff
                                                DAVID BEACH

# DEMAND FOR JURY TRIAL

**NOW COMES** Plaintiff, DAVID BEACH, by and through him attorney, Andre L. Verdun and hereby demands a trial by jury in the above-captioned matter.

Dated: **September 26, 2014**

                                                    /s/ Andre L. Verdun
                                                    Andre Verdun,
                                                    Ronald Wilcox
                                                    Attorneys for Plaintiff
                                                    DAVID BEACH

**COMPLAINT FOR DAMAGES**

*Beach v. Citibank*